IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| KENNETH WAYNE BARNES, | ) Civil Action No. 3:10-1474-TLW-JRM |
|---|---|
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| RONALD WILSON, SARGENT, | ) |
| Defendant. | ) |

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on June 18, 2010.[1] He is an inmate at the Lieber Correctional Institution of the South Carolina Department of Corrections ("SCDC"). On August 26, 2010, Defendant filed a motion to dismiss. Because Plaintiff is proceeding pro se, he was advised on August 27, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendant's motion for dismiss could result in the dismissal of his complaint. Plaintiff filed a response on October 20, 2010.

**DISCUSSION**

Plaintiff appears to allege that his constitutional rights were violated because Defendant used excessive force against him. Defendant contends that his motion to dismiss should be granted because Plaintiff failed to exhaust his available administrative remedies. Alternatively, Defendant argues that summary judgment should be granted in his favor because Plaintiff fails to request any type of relief. In response to Defendant's motion to dismiss, Plaintiff appears to request certain

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(d) and (e), DSC. Because these are dispositive motions, the report and recommendation is entered for review by the court.

discovery[2] and discuss his excessive force claim, but does not address Defendant's argument that he has failed to exhaust his administrative remedies.

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532.

An SCDC inmate must make an attempt to informally resolve his complaint by submitting a request to staff member form or by discussing the complaint with the appropriate supervisor. If the inmate is not able to resolve his complaint informally, he can complete a Step 1 grievance form and submit it to the institutional Inmate Grievance Coordinator ("IGC"). The IGC conducts an investigation and makes recommendations to the warden concerning disposition of the matter. The warden reviews the investigation and recommendations made by the IGC and writes his decision and response to the inmate on the Step 1 form. The IGC returns the form to the inmate, explains the warden's decision, and allows the inmate to accept or reject the warden's decision. If the inmate remains unsatisfied, the IGC gives the inmate a Step 2 grievance form which the inmate must complete and return within five days. Step 2 grievances are transmitted to the SCDC Grievance Branch in Columbia for independent review and investigation. After the investigation is complete, a decision is rendered, the decision is placed on the Step 2 form, and the decision is sent back to the

---

[2]The documents Plaintiff seeks do not appear to concern the processing of his grievances and/or the exhaustion of his administrative remedies.

2

correctional institution for service upon the inmate. If an inmate is still unsatisfied he may seek administrative review in the South Carolina Administrative Law Court. See Mary Coleman Aff.

Mary Coleman, the Chief of the Grievance Branch for the SCDC, states that Plaintiff completed his Step 1 Grievance and submitted a Step 2 Grievance to her office. At the time of her affidavit (August 26, 2010), the deadline for the IGC to finish processing Plaintiff's Step 2 Grievance (September 6, 2010) had not passed. Coleman states that Plaintiff has not exhausted his administrative remedies. Coleman Aff., Paras. 19-23. In his complaint, Plaintiff wrote that he filed a grievance on May 10, 2010 concerning the alleged incident, but had "not yet" received a response. Complaint at 2.

Plaintiff did not exhaust his administrative remedies prior to filing this action. A prisoner does not comply with the mandatory exhaustion requirements by exhausting his remedies during the course of litigation. Exhaustion is a prerequisite to suit that must be completed prior to filing an action. See Anderson v. XYZ Correctional Health Servs., Inc., 407 F.3d 674, 677 (4th Cir. 2005), see also Neal v. Goord, 267 F.3d 116, 123 (2nd Cir.2001) (holding that "allowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirements, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court."), overruled on other grounds by Porter v. Nussle, 534 U.S. 516, 532 (2002); Jackson v. Dist. of Columbia, 254 F.3d 262, 268-69 (D.C.Cir.2001) (rejecting the argument that § 1997e(a) "permits suit to be filed so long as administrative remedies are exhausted before trial"); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir.1999) (a prisoner may not exhaust administrative remedies during the pendency of the federal suit); Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir.1999) (An inmate incarcerated in a state prison must first comply with the grievance procedures established by the state department of

corrections before filing a federal lawsuit under section 1983.); Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999) ("[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment.").

## **CONCLUSION**

Based on review of the record, it is recommended that Defendant's motion to dismiss (Doc. 10) be **granted** and that this action be **dismissed** without prejudice.

Joseph R. McCrorey
United States Magistrate Judge

November 29, 2010
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).